# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LADERRIOUS LAMAR MCKINNEY** ) | |
| ) | |
| vs.    ) | Case No.  2:16-cv-08047-VEH |
| ) | |
| **UNITED STATES OF AMERICA**   ) | |

## MEMORANDUM OPINION

Petitioner, Laderrious Lamar McKinney, has filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. He contends that his sentence was improperly enhanced, relying upon *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). As relief, he requests that the Court vacate his sentence and resentence him without enhancement. Because, as explained below, *Johnson* has no application to the facts of Petitioner's sentence, his Petition is due to be denied.

### FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was indicted on a charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[1] (Doc. 1, *United States v. McKinney*, No. 2:11-

---

[1] The indictment specified that petitioner was convicted in the Circuit Court of Jefferson County, Alabama, on June 20, 2008, of first degree receiving stolen property, unlawful breaking and entering of a vehicle, and first degree theft of property; and petitioner was convicted in the Circuit Court of Jefferson County, Alabama, on September 16, 2009, of unlawful distribution of a controlled substance.

cr-00368-VEH-HGD, Indictment). He was convicted based on his plea of guilty on November 27, 2012. (*United States v. McKinney*, No. 2:11-cr-00368-VEH-HGD, Minute Entry of Nov. 27, 2012). The Court determined that petitioner's offense level was 23 and his criminal history category was VI, yielding a range of imprisonment of 92 to 115 months. (Doc. 29-1, *United States v. McKinney*, No. 2:11-cr-00368-VEH-HGD, Statement of Reasons). On July 17, 2013, petitioner was sentenced to serve 75 months and 17 days of incarceration, followed by 36 months of supervised release. (Doc. 29, *United States v. McKinney*, No. 2:11-cr-00368-VEH-HGD, Judgment). Petitioner did not file a direct appeal.

## ANALYSIS

Rule 4(b) of the *Rules Governing Section 2255 Proceedings in the United States District Courts* allows a court to summarily dismiss a § 2255 case "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

In *Johnson*, *supra*, the United States Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process. Under the sentencing provisions of 18 U.S.C. § 924(a)(2) and (e)(1), if a defendant convicted for violating 18 U.S.C. § 922(g) has three or more earlier convictions for a "serious drug offense" or a "violent felony," the ACCA increases the prison term to a minimum of 15 years

and a maximum of life. The Supreme Court determined that the residual clause of the ACCA, which provides that a felony that "involves conduct that presents a serious potential risk of physical injury to another" should be treated as a "violent felony," violates the Constitution's guarantee of due process as impermissibly vague. *Johnson* has been made retroactive to cases on collateral review, such as petitioner's. *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257, 1265, ___ L.Ed.2d ___ (2016). Petitioner filed the instant § 2255 motion on May 15, 2016, which is within one year of the decision in *Johnson*. Therefore, his motion is timely. *See* 28 U.S.C. § 2255(f)(3).

The Court notes that 18 U.S.C. § 924(a)(2) provides: "Whoever knowingly violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 *shall* be fined as provided in this title, imprisoned *not more than 10 years*, or both." (emphasis added). Further, 18 U.S.C. § 924(e)(1) provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person *shall* be fined under this title and imprisoned *not less than fifteen years*, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g). (emphasis added).

The Court has reviewed the record of the sentencing in petitioner's case and determined that, although he was sentenced based on a criminal history category of

VI, his sentence was not enhanced based on any factor made unconstitutional under *Johnson*. In other words, although his sentencing range increased due to the fact that he had felony convictions, the increase had nothing to do with whether they were "violent" felonies implicating *Johnson*. In fact, had petitioner been sentenced to an enhanced sentence under the ACCA, his mandatory minimum sentence would have been 15 years (180 months). He was sentenced to 75 months, which is less than the unenhanced maximum sentence under 18 U.S.C. § 922(g) of ten years (120 months). Therefore, it is clear from the language of 18 U.S.C. § 924, the face of the record of petitioner's sentencing, and the actual sentence imposed, that petitioner was not improperly sentenced in any manner prohibited by *Johnson*. Accordingly, the Motion to Vacate, Set Aside or Correct Sentence is due to be denied.

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the *Rules Governing § 2255 Proceedings*, the Court has evaluated the claims within the petition for suitability for the issuance of a certificate of appealability (COA). *See* 28 U.S.C. § 2253.

Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a COA or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can

be established by demonstrating that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4, 103 S.Ct. 3383, 3394-95 & n.4, 77 L.Ed.2d 1090 (1983)).  For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct.  *Id.*

The Court finds that reasonable jurists could not debate its resolution of the claims presented in this § 2255 motion.  For the reasons stated in this Memorandum Opinion, the Court **DECLINES** to issue a COA with respect to any claims. Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 27th day of May, 2016.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge